## Case No. 2,531.

### CAWOOD v. NICHOLS.

[1 Cranch, C. C. 180.][1]

Circuit Court, District of Columbia. July Term, 1804.

ACTION BY EXECUTOR—PLEADING ISSUANCE OF LETTERS TESTAMENTARY.

The declaration need not state by whom the letters testamentary were granted.

[At law. Action by Cawood, executor of Blacklock, against Edward Nichols.]

Demurrer to the declaration, because it does not state by whom letters testamentary were granted. Cur. ad. vult. See Chiberton v. Trudgeon, Cro. Jac. 556, which seems in support of the demurrer. Quaere, whether there is not a difference between letters testamentary and letters of administration. See Graysbrook v. Fox, Plow. 279; Temple v. Temple, Cro. Eliz. 791; Morgan v. Williams, Id. 431; and Gidley v. Williams, 1 Salk. 38; which is strong in support of the demurrer as to letters of administration. Executors are by will, not by the ordinary. None of the forms of declarations by executors state by whom the letters testamentary were granted; but all the forms by administrators state by whom they were granted. "The right of action is in him before probate, for that gives him no interest; but the right he hath is by virtue of the will." Swinb. Wills, 434, cites Russel's Case, 5 Rep. 27, and 1 Inst. 292. "He cannot have an action unless he prove the will before he declares. If the action be brought before probate; if he concludes his declaration with a profert hic in curia literas testamentarias, it is well enough." Id.; cites Duncomb v. Walter, 1 Vent. 370; Raym. 479, 3 Lev. 57. "If a man have goods in divers dioceses or provinces, and makes his executor of his goods in one of the provinces, and dies intestate as to his other goods: if the ordinary commit administration of the goods, which are in the other province, to the said executor, then is he both executor and administrator, and the party died both testate and intestate." Swinb. Wills, 440, 441; 35 Hen. VI. fol. 36.

CRANCH, Chief Judge, after mentioning the above authorities, said, "Upon the whole and upon examination of precedents, I am of opinion that the declaration is sufficient."

THE COURT, at December term, being of the same opinion, advised the defendant to withdraw the demurrer, which he did, and confessed judgment.

[1] [Reported by Hon. William Cranch, Chief Judge.]